UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY RUIZ<br>    LA. DOC #353027 | CIVIL ACTION NO. 6:12-cv-2740 |
| VS. | SECTION P |
| | JUDGE REBECCA F. DOHERTY |
| WARDEN TANNER | MAGISTRATE JUDGE C. MICHAEL HILL |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Gregory Ruiz filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on October 22, 2012. When he filed the petition, Ruiz was an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Rayburn Correctional Center in Angie, Louisiana. On January 7, 2013, petitioner notified the court that he had been released from custody. [rec. doc. 4]. Accordingly, petitioner now resides at a residential address in Jeanerette, Louisiana.[1] Petitioner attacks his 2005 convictions for distribution of cocaine and possession of cocaine, entered by the Sixteenth Judicial District Court for Iberia Parish, for which petitioner was sentenced to serve 15 years imprisonment.

---

[1] *Habeas corpus* relief is available only to petitioner's who are "in custody." 28 U.S.C. § 2254(a). The "in custody" requirement is met if, at the time of filing, the petitioner is in custody pursuant to the conviction he is attacking. *Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir. 1985). Ordinarily jurisdiction is not defeated by a petitioner's subsequent release from custody while the petition is pending because there is a presumption that a wrongful conviction carries with it continuing collateral consequences that survive expiration of the sentence. *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Spencer v. Kemna*, 523 U.S. 1, 8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

Because petitioner did not provide a chronology of the events which transpired after the direct appeal process terminated, by Order dated February 22, 2013, the undersigned ordered petitioner to provide copies of documents necessary for this Court to complete its preliminary review of petitioner's claims in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court, whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d), and, whether any of the claims raised are subject to the procedural default doctrine. [rec. doc. 5].

On April 1, 2013, petitioner filed a response to which he attached various exhibits. [rec. doc. 6]. However, petitioner did not provide all of the documents needed by this Court to complete initial review of petitioner's claims. Accordingly, by Order dated June 26, 2013, petitioner was ordered to provide necessary missing documents and to respond to the various inquiries raised by the Court within thirty days of the date of the Order. [rec. doc. 7].

To date, petitioner has not responded to this Court's June 26, 2013 Order, nor has petitioner contacted this Court since his April 1, 2013 filing.

## Law and Analysis

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action on motion of the defendant "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." The district court also has the inherent authority to dismiss

an action *sua sponte* for failure of a plaintiff to prosecute or to comply with any order of the court. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31. Petitioner has failed to comply with an Order directing him to provide information and documents needed by this Court to complete its preliminary review of petitioner's claims. This failure on his part warrants dismissal.

To the extent the applicable statute of limitations may bar petitioner from re-filing the instant petition, then dismissal at this juncture effectively would constitute a dismissal "with prejudice" because dismissal may deprive petitioner the opportunity to pursue his claims. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The requirements for a dismissal with prejudice are satisfied in this case. Petitioner has ignored this Court's June 26, 2013 Order directing him to provide this Court with documents and information. Moreover, petitioner has not communicated with this Court since April, 2013. [rec. doc. 6]. Thus, it appears that petitioner is no longer interested in pursuing his claims in this Court. Furthermore, since petitioner has not contacted this Court in six months, it is likely that no lesser sanction exists that would better serve the interests of justice. Under these circumstances dismissal with prejudice is warranted.

For the above reasons,

**IT IS RECOMMENDED** that Gregory Ruiz' petition for writ of *habeas corpus* be **DISMISSED WITH PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[2] A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

[2] **IN THE EVENT THAT PETITIONER OBJECTS TO THIS RECOMMENDATION, HE SHOULD INCLUDE, ALONG WITH HIS OBJECTION, A FULL AND COMPLETE RESPONSE TO THE MEMORANDUM ORDER OF JUNE 26. 2013. [REC. DOC. 7]**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette, Louisiana on October 10, 2013.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 10/10/2013
By: MBD